MHW

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DWIGHT THOMAS,                )
                              )
            Plaintiff,        )
                              )
      v.                      )   No. 07 C 6798
                              )
PERCY COLEMAN, et al.,        )
                              )
            Defendants.       )

MEMORANDUM ORDER

Dwight Thomas ("Thomas") has submitted a 42 U.S.C. §1983 ("Section 1983") Complaint against a number of defendants, including Illinois Circuit Court Judge Patricia Piper Golden, using the form supplied by this District Court's Clerk's Office and completing that form in legible handprinting. Together with his Complaint Thomas has tendered an In Forma Pauperis Application ("Application"), supplemented--as required by 28 U.S.C. §1915(a)(2)[1]--by a printout reflecting the transactions in his prisoner trust fund account at Pinckneyville Correctional Center ("Pinckneyville"), where it appears he was in custody at least through November 1, 2007 (Thomas is now being held at the Cook County Department of Corrections ("County Jail")). This memorandum order will address the Application first, then will turn to Thomas' claim.

Although the authorized officer at Pinckneyville has framed

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

his certification annexed to the Affidavit in terms of the average deposits to Thomas' account there during the six-month period that it covers, in this instance that figure is in error. Section 1915(b)(1) prescribes that the required down payment toward the $350 filing fee must be the <u>greater</u> of two figures: the average monthly deposits <u>or</u> the average monthly balance in the prisoner's account.[2] Here it is the latter figure that is greater: It comes to $391.16, rather than the certified figure of $211.94. Accordingly Thomas is assessed an initial fee of $78.23 (20% of $391.16) on account, and the Pinckneyville trust fund officer (or, if the account has been transferred to County Jail, the trust fund officer there) is ordered to collect that amount from Thomas' trust fund account and to pay it directly to the Clerk of Court ("Clerk"):

>       Office of the Clerk
>       United States District Court
>       219 South Dearborn Street
>       Chicago IL 60604
>
>       Attention: Fiscal Department

After such payment, the trust fund officer at County Jail (or at any other correctional facility where Thomas may hereafter be confined) is authorized to collect monthly payments from his

---

[2] No fault is involved in the certification by the Pinckneyville officer. It is rather that the certification form is itself defective in not identifying both alternatives and calling for the higher figure. This Court has called that error to the attention of this District Court's administrative personnel so that it can be corrected in future cases.

2

trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid. Both the initial payment and all future payments shall clearly identify Thomas' name and the 07 C 6798 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the trust fund officers at Pinckneyville and County Jail.

Now to Thomas' claim, which this Court has screened as mandated by Section 1915A(a). It is somewhat difficult to follow in the form that Thomas has stated it, and it does not gain much clarity by repetition. But some added clarity is provided by the attached exhibit, a photocopy of a May 4, 2005 judgment order from the Circuit Court of Kane County, Illinois that imposed a three-year sentence in the Department of Corrections, with credit for 395 days time served (that would appear to leave one year and 335 days to be served on the three year sentence), and specifying that the new sentence was to run concurrently with two preexisting sentences, one imposed by the Kane County Circuit Court and the other by the Cook County Circuit Court.

As this Court reads Thomas' grievance, it is that despite the judgment order's directive for concurrent sentences, the Illinois authorities have subjected him to a <u>consecutive</u>

sentence. On its face the May 2005 sentence would call for Thomas to serve only until April 2007 (a period that could not be <u>reduced</u> by the earlier sentences), and his Statement of Claim begins by indicating that his present custody in County Jail stems from a warrant issued on a claimed parole violation on an unrelated charge in February 2007.

To the extent that such is the case, it is unclear whether that warrant was improper, for at the time of its issuance Thomas was still subject to the custodial sentence on his May 2005 conviction. But that would still seem to leave unexplained the basis on which Thomas continued to be held in custody beyond the presumed April 2007 out-date on that conviction, unless of course either or both of the other two earlier sentences had also not run out and hence extended beyond that date.

What is plain then is that further information is needed before it can be determined whether Thomas has or has not stated a viable Section 1983 claim. This case will therefore go forward, but only against individual defendants Percy Coleman (identified as the supervisor of parole) and Lieutenant Garbs of Stateville Correctional Center: Thomas' attempted action against Judge Golden is dismissed on grounds of absolute judicial immunity, and neither of the Correctional Centers--Stateville or Pinckneyville--is a "person" suable under Section 1983. As required by Section 1915(d), the Marshal's Service will be

responsible for service of process, and this action is set for an initial status hearing at 8:45 a.m. February 19, 2008.[3]

*[signature]*
_____
Milton I. Shadur
Senior United States District Judge

Date:  December 10, 2007

---

[3]  By that time the Attorney General's office should be involved in the case, and it is ordered to make arrangements for Thomas to be available for telephonic participation in that status hearing.

5