```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION
```

DWIGHT THOMAS,                  )
                                )
                  Plaintiff,    )
                                )
     v.                         )    No. 07 C 6798
                                )
PERCY COLEMAN, et al.,          )
                                )
                  Defendants.   )

## MEMORANDUM ORDER

This 42 U.S.C. §1983 ("Section 1983") action, originally filed pro se by Dwight Thomas ("Thomas"),[1] is something over a year old. Much of the delay in getting the lawsuit under way in any meaningful sense has been occasioned by the need to get all of the named defendants served. On December 16 this Court (1) granted a further extension under Fed. R. Civ. P. ("Rule") 4(m) to serve the final defendant and (2) ordered that a responsive pleading be filed by the already served defendants on or before January 6.

That last order has not been complied with by the Attorney General's office. Instead all that defense counsel tendered on January 6 was a document labeled "Defendants' Motion To Dismiss," which upon examination turned out to be nothing more than an attack on Thomas' uninformed characterization of each of the several individual defendants as being sued "in individual and

---

[1] In mid-April 2008 this Court appointed a member of this District Court's trial bar to represent Thomas on a pro bono publico basis.

official capacity."

It is of course black-letter law that an "official capacity" claim against a state employee is the legal equivalent of an attempted suit against the state itself, barred as such by the Eleventh Amendment. That point could have been made by defense counsel in no more than a sentence or two, rather than by setting out nearly five pages of detailed analysis buttressed by a host of cases. Indeed, what it really inexcusable is that Thomas <u>did</u> expressly sue all the named defendants in their individual capacities as well, and defense counsel is delinquent in having devoted her attention exclusively to what was really a no-brainer issue instead of filing the required answer to Thomas' individual-capacity claims.

Accordingly the motion to dismiss any purported official capacity claims is granted. Defense counsel must comply with the December 16 order as to Thomas' individual-capacity allegations on or before January 16, 2009.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 7, 2009