IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DWIGHT THOMAS,                        )
                                      )
                    Plaintiff,        )
                                      )
        v.                            )    No.  07 C 6798
                                      )
PERCY COLEMAN, et al.,                )
                                      )
                    Defendants.       )

MEMORANDUM ORDER

Dwight Thomas ("Thomas") has filed a self-prepared handwritten document that he captions "Motion to Alter or Amend Judgment Pursuant to Rule 59(e)." That caption is puzzling of itself, because it was received in this District Court's Clerk's Office on February 9,[1] and at that time this Court had not entered any judgment order at all. Instead it had simply issued a memorandum order back on January 26 that directed defense counsel to submit an explanation of the administrative remedies that were assertedly available to Thomas and that he had assertedly failed to pursue, as required by 42 U.S.C. §1997e(a).[2]

In any event, after Thomas sent in his motion (but before this Court had seen it--see n.1), this Court indeed issued its February 10, 2009 memorandum order discussed hereafter. In an

_____

[1] Thomas' failure to have included the required Judge's Copy with his filed original made it necessary for this Court's able minute clerk to print up a copy, which this Court received on February 11.

[2] All further references to Title 42's provisions will simply take the form "Section--."

effort to minimize the confusion caused by Thomas' filing, this memorandum order is issued to spell out three problems with Thomas' current effort, any one of which would call for its rejection.

First, because this Court has previously appointed counsel to represent Thomas pro bono publico, he is not permitted to continue filings on his own. Litigants are permitted to proceed in court either pro se (that is, without the benefit of counsel) or through counsel--but not both.

Second, Thomas' motion urges that he be permitted to proceed against defendants "in their official capacity." But the very cases that he cites (principally the seminal decision in <u>Kentucky v. Graham</u>, 473 U.S. 159, 166 (1985)) teach that in law an official-capacity suit is really one against the state entity itself, rather than against the named individual or individuals. And because in this instance that would amount to a suit against the State of Illinois, a Section 1983 action will not lie against it (see <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989), holding that a state is not a "person" suable under Section 1983).[3]

Third, Thomas has not spoken at all to the exhaustion-of-

---

[3] This Court does not of course fault nonlawyer Thomas particularly for his lack of understanding of that principle, although his own citation of <u>Kentucky v. Graham</u> at least suggests that he should have understood its significance.

remedies issue dealt with in this Court's February 10 memorandum order. Again this Court is not faulting him particularly in that respect (after all, he prepared and filed his motion <u>before</u> February 10), even though he should most likely have recognized the need to address the subject because of this Court's January 26 memorandum order.

In any event, the February 10 memorandum order concluded by (1) referring to the previously-scheduled February 17, 2009 status hearing and (2) calling on both Thomas' appointed counsel and the defense counsel to be prepared then to discuss the subject of exhaustion of administrative remedies, and hence the applicability of Section 1997e(a). That order remains in effect, and Thomas' current pro se motion is denied.

Milton I. Shadur
Senior United States District Judge

Date: February 12, 2009