```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF ILLINOIS
                  EASTERN DIVISION

DWIGHT THOMAS,                   )
                                 )
              Plaintiff,         )
                                 )
     v.                          )    No.  07 C 6798
                                 )
PERCY COLEMAN, et al.,           )
                                 )
              Defendants.        )
```

<u>MEMORANDUM ORDER</u>

This 42 U.S.C. §1983[1] action by Dwight Thomas ("Thomas") charges a number of defendants with having violated Thomas' constitutional rights by continuing to imprison him in the Illinois Department of Corrections ("Department") beyond his release date. Because defendants' Answer to Thomas' Amended Complaint included an affirmative defense asserting Thomas' failure to have satisfied a precondition to suit by not having exhausted all available administrative remedies (see Section 1997e(a)), this Court ordered both sides' counsel[2] to submit memoranda dealing with that subject. Each side has done so, and defendants have failed in their effort to cut this action off at the outset.

─────────────────

[1] All further references to Title 42's provisions will simply take the form "Section--."

[2] Initially Thomas had filed this action pro se, but this Court thereafter appointed pro bono counsel to represent him. Those appointed counsel have filed a memorandum on Thomas' behalf in connection with the matter dealt with in this opinion, although the operative pleading remains Thomas' self-prepared Amended Complaint.

There is no dispute as to the operative legal principle involved:  Section 1997e(a) is both mandatory and unambiguous. Hence the matter comes down to a question of fact, as to which defense counsel has submitted affidavits stating that searches of Thomas' master file in the files of Department's Administrative Review Board have turned up no record of any grievances filed by Thomas on the subject.  But Thomas' appointed counsel have tendered Thomas' declaration stating (1) that he did indeed submit a written grievance after having informed his prison counselor about the problem and (2) that he was never provided with a copy of the grievance, but (3) that his counselor thereafter spoke with him about it.

Those submissions plainly pose a disputed issue of fact that cannot be resolved on the papers.  This Court therefore leaves defendants' affirmative defense of nonexhaustion of remedies in place as a matter of pleading, to be resolved at a later date when discovery has run its course.

Milton I. Shadur
Senior United States District Judge

Date:  March 23, 2009